

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 28, 1994

Honorable John Vance
Dallas County District Attorney
Frank Crowley Courts Building
Dallas, Texas 75207-4313

Opinion No. DM-304

Re: Effect of amendments to Education Code section 4.25(a), (b) by the Seventy-third Legislature's House Bills 681 and 1372 and Senate Bill 7 (RQ-646)

Dear Mr. Vance:

You ask for our opinion on how section 4.25(a), (b) of the Education Code was affected by three statutes from the Seventy-third Legislature, House Bill 681, Acts 1993, 73d Leg., ch. 358; House Bill 1372, *id.* ch. 930; and Senate Bill 7, *id.* ch. 347. Before these statutes became effective, subsections (a) and (b) of section 4.25 provided as follows:

> (a) [1.] If any parent or person standing in parental relation to a child, within the compulsory school attendance ages and not lawfully exempt or properly excused from school attendance, fails to require such child to attend school for such periods as required by law, it shall be the duty of the proper attendance officer to warn, in writing, the parent or person standing in parental relation that attendance must be immediately required. [2.] If after this warning the parent or person standing in parental relation intentionally, knowingly, recklessly, or with criminal negligence fails to require the child to attend school as required by law, the parent or person standing in parental relation commits an offense. [3.] The attendance officer shall file a complaint against him in the county court, in the justice court of his resident precinct, or in the municipal court of the municipality in which he resides or in the municipality or justice of the peace precinct in which the school is located. [4.] In addition, if the child has been voluntarily absent from school for 10 or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period without the consent of his parents, the attendance officer shall refer the child to the county juvenile probation department for action as conduct indicating a need for supervision under Section 51.03(b), Family Code. [5.] A court in which a complaint is filed under this subsection shall give preference to a hearing on the complaint over other cases before the

court. [6.] An offense under this section is punishable by a fine of not less than $5 nor more than $25 for the first offense, not less than $10 nor more than $50 for the second offense, and not less than $25 nor more than $100 for a subsequent offense. [7.] Each day the child remains out of school after the warning has been given or the child ordered to school by the juvenile court may constitute a separate offense. [8.] If the court probates the sentence, the court may require the defendant to render personal services to a charitable or educational institution as a condition of probation.

(b) It is a defense to prosecution under Subsection (a) of this section that the parent or person standing in parental relation to the child is unable to compel the child to attend school.

Educ. Code § 4.25(a), (b) (1991) (bracketed sentence numbers have been added to subsection (a) and will be used in discussion below).

House Bill 1372 re-enacted the full text of subsection (a) but changed the third sentence of subsection (a) as follows: "The attendance officer shall file a complaint against him in the county court, in the justice court of his resident precinct, or in the municipal court of the municipality in which he resides or in *any* [the] municipality or justice of the peace precinct in which the school *district* is located." Acts 1993, 73d Leg., ch. 930, § 1. (Italic type indicates insertion; bracketed overstrike indicates deletion.) House Bill 1372 did not otherwise change subsection (a), nor did it change subsection (b).

House Bill 681 also re-enacted the full text of subsection (a) but made a few changes to the subsection. First, the statute added a new sentence after the third sentence of subsection (a): "The attendance officer shall file a complaint under this section in the court to which the parent's child has been referred for engaging in conduct described in Section 51.03(b)(2), Family Code, if a referral has been made for the child." *Id.* ch. 358, § 2. This statute also changed the sixth sentence of subsection (a) as follows: "An offense under this section is *a Class C misdemeanor* [punishable by a fine of not less than $5 nor more than $25 for the first offense, not less than $10 nor more than $50 for the second offense, and not less than $25 nor more than $100 for a subsequent offense]." *Id.* Finally, this statute added a new sentence after the seventh sentence of subsection (a): "Two or more offenses under this section may be consolidated and prosecuted in a single action." *Id.* House Bill 681 did not change subsection (b).

Senate Bill 7 also re-enacted the full text of subsection (a) but made a few changes to the subsection. First, the statute changed the second sentence of subsection (a) as follows: "If after this warning the parent or person standing in parental relation intentionally, knowingly, recklessly, or with criminal negligence fails to require the child to attend school as required by law *and the child has unexcused voluntary absences for the amount of time specified under Section 51.03(b)(2), Family Code*, the parent or person standing in parental relation commits an offense." *Id.* ch. 347, § 6.01. This statute also changed the fourth sentence of subsection (a) as follows: "In addition, if the child has

*unexcused voluntary absences for the amount of time specified under Section 51.03(b)(2), Family Code* [~~been voluntarily absent from school for 10 or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period without the consent of his parents~~], the attendance officer shall refer the child to the county juvenile probation department for action as conduct indicating a need for supervision under *that section* [~~Section 51.03(b), Family Code~~]." *Id.* Finally, this statute doubled all the monetary amounts in the sixth sentence of subsection (a). *Id.*

Senate Bill 7 also changed all of subsection (b) as follows:

> (b) *A fine collected under this section shall be deposited as follows:*
>
> > (1) one-half shall be deposited to the credit of the operating fund of the school district in which the child attends school; and
> >
> > (2) *one-half shall be deposited to the credit of:*
> >
> > > (A) *the general fund of the county, if the complaint is filed in the county court or justice court; or*
> > >
> > > (B) *the general fund of the municipality, if the complaint is filed in municipal court* [~~It is a defense to prosecution under Subsection (a) of this section that the parent or person standing in parental relation to the child is unable to compel the child to attend school~~].

*Id.*

You ask specifically whether the legislature intended to double the fines in the sixth sentence of subsection (a) and to divide the proceeds between the school and other local entities in subsection (b). For the following reasons we believe the legislature did so intend.

To find the answer to your question, we apply the following rules of construction found in section 311.025 of the Government Code:

> (b) . . . [I]f amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each. If the amendments are irreconcilable, the latest in date of enactment prevails.
>
> (c) In determining whether amendments are irreconcilable, text that is reenacted because of the requirement of Article III, Section 36, of the Texas Constitution is not considered to be irreconcilable with additions or omissions in the same text made by another

> amendment. Unless clearly indicated to the contrary, an amendment
> that reenacts text in compliance with that constitutional requirement
> does not indicate legislative intent that the reenacted text prevail over
> changes in the same text made by another amendment, regardless of
> the relative dates of enactment.

Gov't Code § 311.025(b), (c). The constitutional provision referred to above in subsection (c) provides:

> No law shall be revived or amended by reference to its title; but
> in such case the act revived, or the section or sections amended, shall
> be reenacted and published at length.

Tex. Const. art. III, § 36.

Applying the foregoing rules of construction to the three amendatory acts, we find no indication that the legislature intended in any of the three acts that the re-enacted language of subsection (a) should prevail over any of the changes to the provisions of that subsection in either of the other two acts. We therefore will disregard a re-enactment of language in one act pursuant to constitution article III, section 36, where the re-enactment conflicts with a change in language in another act.

Because the amendments to subsection (a) were enacted without reference to each other in the same legislative session, the amendments must be harmonized as much as possible. Gov't Code § 311.025(b). We find that all the amendments may be harmonized except for the changes to the sixth sentence. House Bill 681 changes the sixth sentence to read as follows: "An offense under this section is a Class C misdemeanor." Acts 1993, 73d Leg., ch. 358, § 2. A class C misdemeanor is punishable by a fine not to exceed $500. Penal Code § 12.23. Senate Bill 7, however, changes the sixth sentence to read as follows: "An offense under this section is punishable by a fine of not less than $10 nor more than $50 for the first offense, not less than $20 nor more than $100 for the second offense, and not less than $50 nor more than $200 for a subsequent offense." Acts 1993, 73d Leg., ch. 347, § 6.01. These two amendments are irreconcilable, so the later enacted bill prevails. Gov't Code § 311.025(b). House Bill 681 was enacted on May 10, 1993; and Senate Bill 7 was enacted on May 28, 1993. Because Senate Bill 7 was enacted last, its amendment to the sixth sentence prevails over the amendment to the sixth sentence in House Bill 681.

We conclude that section 4.25(a), (b) has been amended to provide as follows:

> (a) If any parent or person standing in parental relation to a
> child, within the compulsory school attendance ages and not
> lawfully exempt or properly excused from school attendance,
> fails to require such child to attend school for such periods as
> required by law, it shall be the duty of the proper attendance
> officer to warn, in writing, the parent or person standing in

parental relation that attendance must be immediately required. If after this warning the parent or person standing in parental relation intentionally, knowingly, recklessly, or with criminal negligence fails to require the child to attend school as required by law *and the child has unexcused voluntary absences for the amount of time specified under Section 51.03(b)(2), Family Code*, the parent or person standing in parental relation commits an offense. The attendance officer shall file a complaint against him in the county court, in the justice court of his resident precinct, or in the municipal court of the municipality in which he resides or in *any* [the] municipality or justice of the peace precinct in which the school *district* is located. *The attendance officer shall file a complaint under this section in the court to which the parent's child has been referred for engaging in conduct described in Section 51.03(b)(2), Family Code, if a referral has been made for the child.* In addition, if the child has *unexcused voluntary absences for the amount of time specified under Section 51.03(b)(2), Family Code* [been voluntarily absent from school for 10 or more days or parts of days within a six-month period or three or more days or parts of days within a four-week period without the consent of his parents], the attendance officer shall refer the child to the county juvenile probation department for action as conduct indicating a need for supervision under *that section* [Section 51.03(b), Family Code]. A court in which a complaint is filed under this subsection shall give preference to a hearing on the complaint over other cases before the court. An offense under this section is punishable by a fine of not less than *$10* [$5] nor more than *$50* [$25] for the first offense, not less than *$20* [$10] nor more than *$100* [$50] for the second offense, and not less than *$50* [$25] nor more than *$200* [$100] for a subsequent offense. Each day the child remains out of school after the warning has been given or the child ordered to school by the juvenile court may constitute a separate offense. *Two or more offenses under this section may be consolidated and prosecuted in a single action.* If the court probates the sentence, the court may require the defendant to render personal services to a charitable or educational institution as a condition of probation.

(b) *A fine collected under this section shall be deposited as follows:*

(1) *one-half shall be deposited to the credit of the operating fund of the school district in which the child attends school; and*

*(2) one-half shall be deposited to the credit of:*

*(A) the general fund of the county, if the complaint is filed in the county court or justice court; or*

*(B) the general fund of the municipality, if the complaint is filed in municipal court* [~~It is a defense to prosecution under Subsection (a) of this section that the parent or person standing in parental relation to the child is unable to compel the child to attend school~~].

Educ. Code § 4.25(a), (b), *amended by* Acts 1993, 73d Leg., ch. 347, § 6.01, ch. 358, § 2, ch. 930, § 1.

## S U M M A R Y

Senate Bill 7 of the Seventy-third Legislature was enacted after House Bill 681 of the same session, so its amendment to the punishment provision of Education Code section 4.25 prevails over the conflicting amendment in House Bill 681. Therefore, "[a]n offense under ... section [4.25] is punishable by a fine of not less than $10 nor more than $50 for the first offense, not less than $20 nor more than $100 for the second offense, and not less than $50 nor more than $200 for a subsequent offense." Educ. Code § 4.25(a), (b), *amended by* Acts 1993, 73d Leg., ch. 347, § 6.01.

Yours very truly,

DAN MORALES
Attorney General of Texas

p. 1634

JORGE VEGA
First Assistant Attorney General

DREW DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General